1
2
3
4
5
6
7
8

9   **UNITED STATES DISTRICT COURT**
10  **WESTERN DISTRICT OF WASHINGTON**

11  ANTHONY L. JOHNSON,

12                        Plaintiff,                 **Case No.** C00-5354 JKA

13        v.                                          ORDER DENYING SEQUIM
                                                      DEFENDANTS' MOTION TO
14  THE CITY OF SEQUIM, et al.,                       CONTINUE TRIAL DATE

15                        Defendant.

16

17

18

19        THIS MATTER comes before the court on Sequim Defendants' Motion to Continue Trial.  The court

20
    has considered defendants' motion, plaintiff's response and the files and records herein.
21

22        This civil rights case was filed in June of 2000, following a January 2000 incident involving plaintiff's

23  videotaping the City of Sequim Chief of Police at a public park.  Defendants appeared through attorneys

24  Forsberg and Umlauf on June 23, 2000.  Plaintiff successfully appealed the court's order granting summary

25  judgment in favor of the defendants.  Following remand, this court conferred telephonically with existing

26  counsel on July 28, 2005.  Thereafter the court issued a scheduling order consistent with that discussion.

27  Thereafter, on August 2, 2005, the defendants substituted counsel.  On August 9, 2005 newly substituted

28  counsel filed this motion to continue.  On August 10, 2005 newly substituted counsel filed a motion for

certification to the Washington State Supreme Court.

Defendants' motion to continue is based on the following:   (1) a need to certify questions of law regarding the Privacy Act to the Washington State Supreme Court; (2) scheduling conflicts for newly substituted defense counsel; and (3) insufficient time to explore and/or rebut plaintiff's expert witness.

**1. Need to Certify question to Washington State Supreme Court.** Defendants offer no compelling reason to continue the trial of this matter in order to seek certification of questions of law by the Washington State Supreme Court.  The case has been pending in the court for more than five years; there were early opportunities to request certification; and the Ninth Circuit Court of Appeals has already ruled on the issue(s) of law in question.

**2. Scheduling Conflicts.**  This is not a situation where the court set a trial date conflicting with that of counsel.  In fact, substitute counsel must have known of the trial date when they made arrangements to appear on behalf of the defendants because the issue was discussed in a hypothetical sense during the August 29 teleconference referenced above.  At the time of the telephonic conference,  then existing defense counsel intimated that there might be a change of counsel, but could not state with assurance either way.  The court alerted existing counsel that they should not rely on  the court granting a continuance based on new counsel at this late date.  It is therefore disingenuous to seek a continuance on the basis of a conflict knowingly created by the moving party.

**3. Opportunity for new counsel to depose plaintiff's expert**.  The currently scheduled trial date is November 7, 2005.  Although the time for discovery has long since passed, the court would seriously entertain a timely request to depose the expert.

**Sequim Defendants' Motion for Continuance of Trial Date is denied**.

Dated this 22th day of August 2005

*/s/ J. Kelley Arnold*
U.S. Magistrate Judge, J. Kelley Arnold

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER
Page - 3